UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTONIO PERRY-EL, #322554,

        Petitioner,

v.                                     2:07CV371

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On May 19, 2003, in the Circuit Court of Arlington County, Virginia, petitioner was convicted of abduction with intent to derive pecuniary benefit, and was sentenced to serve twenty-five years imprisonment. Petitioner did not appeal his conviction. Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but on March 31, 2004, the petition was refused.

On August 6, 2007, petitioner filed a petition for writ of habeas corpus in this Court, and on November 19, 2007, respondent file a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

## B.  Grounds Alleged

Petitioner alleges the following grounds:

1.    Petitioner was denied a competency hearing prior to the acceptance of his guilty plea; and

2.    Petitioner was denied effective assistance of counsel.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455 U.S. 591, 598 (1982)).  As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  <u>Id.</u> at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

3

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)  there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also  Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

**C.  The Petition is Barred by the Statute of Limitations**.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA).  With the passage of the AEDPA, several modifications were made to habeas corpus law.  Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time.

4

See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998).  However, the AEDPA created a statute of limitation for habeas corpus petitions.  See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375.  The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus.  The period of limitation runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation.  See id. § 2244(d)(2).

In the present case, petitioner was convicted on May 19, 2003.  Petitioner had thirty days to appeal his conviction, but he chose not to do so.  Therefore, petitioner's time for seeking direct review expired June 18, 2003.  On July 10, 2003, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which was dismissed on March 31, 2004.  At that point, petitioner had 343 days, or until March 9, 2005, to file his federal habeas petition.  However, petitioner did not file his federal habeas petition until July 31, 2007, more than two years after the expiration of the federal statute of limitations.

Petitioner argues that the statute of limitations has not run and asserts that he should be able to proceed with a federal habeas petition because he has exhausted all available state remedies via a writ of error <u>coram nobis</u>.  On July 24, 2006, the Circuit Court of Arlington County denied the writ, and on December 5, 2006, the Supreme Court of Virginia dismissed the petition for appeal.  Unfortunately, petitioner's time for filing a federal habeas petition cannot be tolled by a writ <u>coram nobis</u> because a habeas petition and a writ of   <u>coram nobis</u> are separate and individual writs.  <u>Coram nobis</u> may not be used to obtain a "writ of error, or an appeal, or for any purpose other than to correct a clerical error or error in fact," and it "does not supplant the writ of habeas corpus." <u>Neighbors v. Commonwealth</u>, 650 S.E.2d 514, 517 (Va. 2007)(citing <u>Blowe v. Peyton</u>, 155 S.E.2d 351, 356 (Va. 1967)).   The filing of a writ of <u>coram nobis</u> cannot replace a habeas petition.

Even if the filing of a writ of error <u>coram nobis</u> could toll a federal habeas petition, petitioner did not file for <u>coram nobis</u> relief until May 26, 2006, more than one year beyond the expiration of the federal statute of limitations.  Moreover, there were no other post-conviction or collateral actions taken by petitioner until September 2, 2005, when he filed a motion to vacate, which was also beyond the federal statute of limitations.

Having found that petitioner's federal habeas petition is time barred, the Court must next determine whether to invoke the doctrine of equitable tolling to excuse petitioner for not filing within the limitation period.  In applying the AEDPA, the Fourth Circuit and elsewhere have concluded that the time limitation codified in § 2244(d) is analogous to a statute of limitations rather than a jurisdictional bar.  <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328-29 (4th Cir. 2000); <u>Brown v. Angelone</u>, 150 F.3d 370, 317-72 (4th Cir. 1998).  Thus, under the

6

appropriate circumstances, the judicial doctrine of equitable tolling may be invoked by petitioners whose claims are time barred by § 2244(d). See Harris, 209 F.3d at 329-30. Equitable tolling was developed to overcome injustices that may occur under a strict application of a statute of limitations. It is a "discretionary doctrine that turns on the facts and circumstances of a particular case [and] equitable tolling does not lend itself to bright-line rules." Id. at 330. In general, the doctrine of equitable tolling is available only under two circumstances: (1) where a plaintiff is prevented from asserting his claims by egregiously wrongful conduct on the part of the defendant, and (2) where extraordinary circumstances beyond plaintiff's control made filing impossible. Id. However, in applying equitable tolling specifically to § 2244(d), the Fourth Circuit has cautioned that the doctrine "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against a party and gross injustice would result." Id.

Petitioner asserts that review on the merits of his claims should be allowed in order to counter an ineffective counsel, whose actions prejudiced petitioner. However, petitioner's claims do not constitute a "rare instance" in which equitable tolling should apply. Petitioner has failed to allege that respondent prevented him from asserting his habeas claims, nor has he asserted that counsel's ineffectiveness made it impossible for him to file a federal habeas petition. The alleged failure of counsel to present petitioner's mental health record did not prevent petitioner from filing a federal habeas petition, especially in light of the fact that petitioner filed a state habeas petition without the assistance of counsel. Petitioner's claims

do not fall into either of the two circumstances under which the doctrine
of equitable tolling is available.  The petition is clearly time-barred
and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that
petitioner's petition for writ of habeas corpus be DISMISSED and
respondent's motion to dismiss be GRANTED.  Petitioner has failed to
demonstrate "a substantial showing of the denial of a constitutional
right."  Therefore, it is recommended that the Court decline to issue any
certificate of appealability pursuant to Rule 22(b) of the Federal Rules
of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039
(2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are
notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the
Clerk written objections to the foregoing findings and recommendations
within ten days from the date of mailing of this report to the objecting
party, computed pursuant to Rule 6(a) of the Federal Rules of Civil
Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28
U.S.C. § 636(b)(1)(C)(2000); Fed.R.Civ.P. 72(b).  A party may respond to
another party's objections within ten days after being served with a copy
thereof.

2. A district judge shall make a de novo determination of
those portions of this report or specified findings or recommendations
to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


                                          _____/s/_____
                                          James E. Bradberry
                                          United States Magistrate Judge

**Norfolk, Virginia**

**June 10, 2008**

9

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

      Antonio L. Perry-El, #322554, <u>pro</u> <u>se</u>
      Sussex II State Prison
      24427 Musselwhite Dr.
      Waverly, VA  23891

      Robert H. Anderson, III, Esq.
      Assistant Attorney General of Virginia
      900 E. Main Street
      Richmond, VA  23219

              Fernando Galindo, Clerk

              By _____
                     Deputy Clerk

              _____, 2008